IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| DAVID A. JOHNSON, SR., | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT & JURY DEMAND** |
| v. | ) | |
| | ) | |
| CRST INTERNATIONAL EXPEDITED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the Plaintiff, David A. Johnson, Sr., and for his causes of action against the Defendant CRST International Expedited, respectfully states:

## I. INTRODUCTION

1. This is an action by Plaintiff David A. Johnson, Sr. ("Plaintiff"), a former employee of Defendant CRST International Expedited (hereinafter "CRST" or "Defendant"), who has been harmed by Defendant's discriminatory employment practices.

2. This action arises under the American with Disabilities Act of 1991, at 42 U.S.C. § 12101, et seq. (hereinafter the "ADA") and Iowa public policy.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked and venue is proper in this district pursuant to 28 U.S.C. §§ 1331 and 1391 as Plaintiff's claims are substantively based on the ADA.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 to consider Plaintiff's claims arising under Iowa public policy.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action

6. On August 21, 2020, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

### III. PARTIES

7. The Plaintiff David A. Johnson, Sr. ("Plaintiff") is a citizen of the Commonwealth of Kentucky.

8. Defendant CRST International Expedited (hereinafter "CRST" or "Defendant") is a corporation duly organized and existing under the laws of the State of Iowa, with a principal place of business in Cedar Rapids, Iowa.

9. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant.

10. At all times material herein, the Defendant is and has been a "person" and "employer" ad defined under the ADA and is accordingly subject to the provisions of said act.

### IV. FACTUAL ALLEGATIONS

11. Plaintiff was employed as a truck driver by Defendant CRST from on about May 15, 2019, through on or about August 17, 2019.

12. On or about August 4, 2019, a workplace incident occurred involving another employee.

13. That employee was a co-driver with Plaintiff.

14. On or about that date, Plaintiff's manager told Plaintiff to pick up the co-driver at a certain address on his way to pick up another load.

15. At one point during the trip, a verbal disagreement began between Plaintiff and the co-driver.

16. At one point, Plaintiff's co-worker pulled out a knife, pointed it toward Plaintiff and called plaintiff a "motherf***er."

17. Plaintiff Johnson was chased around his truck by the co-worker threatening him with the knife.

18. Plaintiff's co-worker was later arrested in connection with the incident.

19. Defendant allowed Plaintiff's co-worker to continue his employment following the incident.

20. Following the incident, Plaintiff experienced sleep disturbances, low energy, decreased appetite, anxiety, and feelings of paranoia.

21. Plaintiff had never experienced any of these symptoms prior to the August incident.

22. Plaintiff found it difficult to be inside his truck.

23. Following the incident, Plaintiff contacted Human Resources and took time off work.

24. Defendant sent Plaintiff to see a therapist to discuss the incident.

25. Plaintiff told the therapist that he feared for his life and became paranoid whenever anyone was behind him in public.

26. The therapist diagnosed him with adjustment disorder with mixed anxiety and depressed mood.

27. Defendant requires drivers to work in teams of two.

28. Plaintiff reported that he was not able to return to work until another driver could be found to ride with him.

29. Plaintiff applied for leave pursuant to the Family Medical Leave Act ("FMLA").

30. On or about October 1, 2019, Defendant's FMLA vendor determined that Plaintiff was ineligible for FMLA leave.

31. On October 2, 2019, Defendant was notified that his needs were greater than a short-term leave.

32. Plaintiff had a disability.

33. Plaintiff requested accommodation for his disability.

34. Plaintiff was never given accommodation for his disability.

35. Plaintiff also applied for Workers Compensation under the laws of the State of Iowa.

36. As a result, Plaintiff's employment was terminated effective August 17, 2017, the last day he physically worked for Defendant.

37. No reason was given for the failure to accommodate and/or discriminatory treatment.

38. Defendant told Plaintiff that the termination was due to Plaintiff's inability to return to work.

39. Plaintiff exhausted all administrative remedies available to him prior to the commencement of this lawsuit.

## V. CLAIMS FOR RELIEF

### COUNT I: ADA — Disability Discrimination, Failure to Accommodate, Perceived Disability

40. Plaintiff incorporates by reference paragraphs 1–39 and 53–79 as though fully set forth at length herein.

41. Defendant in this case treated Plaintiff differently in the terms and conditions of his employment based on his real or perceived disability.

42. Plaintiff has suffered from post-traumatic stress disorder and anxiety during the course of his employment with Defendant.

43. Plaintiff is a "qualified individual with a disability" under the ADA. 42 U.S.C. § 12112.

44. As an employer, Defendant is a "covered entity" within the meaning of the ADA. 42 U.S.C. § 12111(2).

45. The action of Defendant, though its agents, servants and employees, in discriminating against Plaintiff on the basis of his actual and/or perceived disabilities and/or record of impairment, and failing to provide reasonable accommodation for his disability constituted violations of the ADA.

46. Defendant's actions described above:

   a. constitute discrimination in violation of 42 U.S.C. § 12112 and its implementing regulations;

   b. excluded or otherwise denied equal jobs or benefits to Plaintiff because of a known disability, in violation of 42 U.S.C. § 12112(b)(4);

   c. failed to make reasonable accommodations to the known physical or mental limitations of Plaintiff, in violation of 42 U.S.C. § 12112(b)(5)(A);

   d. denied employment opportunities to Plaintiff based on the need of Defendant to make a reasonable accommodation to the physical or mental impairments of Plaintiff, in violation of 42 U.S.C. § 12112(b)(5)(B);

47. Defendant's actions constituted violations under the ADA in other ways such as the evidence may show.

48. Plaintiff was terminated for the perception that his disability made it so he could not do his job.

49. Plaintiff was capable of doing his job with the disability.

50. Plaintiff suffered damages as a result of Defendant's actions.

51. As a direct result of aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

52. As a further direct result of aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

WHEREFORE the Plaintiff David A. Johnson, Sr., respectfully prays for judgment against Defendant CRST in a sum deemed reasonable and proper for compensatory damages, and in a sum deemed reasonable for reasonable attorney fees and costs, and any other remedy the Court deems appropriate under the law.

## COUNT II: ADA — Retaliation

53. Plaintiff incorporates by reference paragraphs 1–52 and 58–79 as though fully set forth at length herein.

54. The actions of the Defendant, through its agents, servants and employees, in retaliating against Plaintiff for requesting a reasonable accommodation, and for opposing unlawful disability discrimination in the workplace, constituted a violation of the ADA.

55. Plaintiff suffered damages as a result of Plaintiff's actions.

56. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff sustained permanent and irreparable harm resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

57. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

WHEREFORE the Plaintiff David A. Johnson, Sr., respectfully prays for judgment against Defendant CRST in a sum deemed reasonable and proper for compensatory damages, and in a sum deemed reasonable for reasonable attorney fees and costs, and any other remedy the Court deems appropriate under the law.

### **COUNT III: Wrongful Termination in Violation of Public Policy**

58. Plaintiff incorporates by reference paragraphs 1–57 and 69–79 as though fully set forth at length herein.

59. On or about October 2, 2019, Plaintiff was notified that his employment with CRST was terminated effective on or about August 17, 2019.

60. Plaintiff had requested Workers Compensation prior to his termination.

61. Plaintiff had also requested accommodation for his disability.

62. Defendant did not provide accommodations for Plaintiff's disability.

63. Defendant told Plaintiff his employment was being terminated because of a purported "inability to return to work."

64. Termination in violation of a clearly defined public policy in Iowa.

65. The Defendant took adverse employment actions against the Plaintiff, including termination, in part based on the Plaintiff's requests for accommodation, his pursuit of a Workers' Compensation and/or Disability Accommodation, and his pursuit of other legal rights such as the evidence may demonstrate.

66. Plaintiff suffered damages as a result of Defendant's actions.

67. As a direct result of aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA and Public Policy of the State of Iowa, Plaintiff sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

68. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA and Public Policy of the State of Iowa, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

WHEREFORE the Plaintiff David A. Johnson, Sr., respectfully prays for judgment against Defendant CRST in a sum deemed reasonable and proper for compensatory damages, and in a sum deemed reasonable for reasonable attorney fees and costs, and any other remedy the Court deems appropriate under the law.

## COUNT IV: Retaliation in Violation of Public Policy

69. Plaintiff incorporates by reference paragraphs 1–68 as though fully set forth at length herein.

70. On or about October 2, 2019, Plaintiff was notified that his employment with CRST was terminated effective on or about August 17, 2019.

71. Plaintiff requested Workers Compensation prior to his termination.

72. Shortly thereafter he was terminated.

73. Plaintiff was retaliated against for complaining of the incident and what it did to him

74. Plaintiff was retaliated against for requesting his Workers Compensation rights that he was entitled to under the laws of the State of Iowa.

75. Termination was retaliation in part based on the Plaintiff's requests for accommodation, his pursuit of a Workers' Compensation, and his pursuit of other legal rights such as the evidence may demonstrate.

76. Defendant's actions are in violation of a clearly defined public policy in Iowa.

77. Plaintiff suffered damages as a result of Plaintiff's actions.

78. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA and Public Policy of the State of Iowa, Plaintiff sustained permanent and irreparable harm resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

79. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA and Public Policy of the State of Iowa, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

WHEREFORE the Plaintiff David A. Johnson, Sr., respectfully prays for judgment against Defendant CRST in a sum deemed reasonable and proper for compensatory damages, and in a sum deemed reasonable for reasonable attorney fees and costs, and any other remedy the Court deems appropriate under the law.

Respectfully submitted,

By: */s/ John Q. Stoltze*
John Q. Stoltze (AT00013285)
Stoltze & Stoltze, PLC
300 Walnut, Suite 260
Des Moines, Iowa 50309
Telephone: (515) 244-1473
Facsimile: (515) 244-3930
E-mail: john.stoltze@stoltzelaw.com
**ATTORNEY FOR PLAINTIFF**

## JURY DEMAND

COMES NOW the Plaintiff, David A. Johnson, Sr., and requests a trial by jury for all causes of action that may be appropriately submitted to a jury.

Respectfully Submitted,

By: */s/ John Q. Stoltze*
John Q. Stoltze (AT00013285)
Stoltze & Stoltze, PLC
300 Walnut, Suite 260
Des Moines, Iowa 50309
Telephone: (515) 244-1473
Facsimile: (515) 244-3930
E-mail: john.stoltze@stoltzelaw.com
**ATTORNEY FOR PLAINTIFF**